**SO ORDERED: September 07, 2010.**



_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WILLIS WRIGHT and ) | Case No. 09-06323-JKC-13 |
| SHIRLEY DIANNE WRIGHT, ) | |
| ) | |
| Debtors. ) | |

**ORDER DENYING TRUSTEE'S MOTION FOR RELIEF FROM
JUDGMENT ON CONFIRMATION AND DEBTORS' OBJECTION THERETO**

This matter comes before the Court on the Chapter 13 Trustee's Motion for Relief from Judgment on Confirmation (the "Motion") and Debtors' Objection thereto. Following a hearing on August 24, 2010, the Court took the matter under advisement and now issues the following Order.

**Facts and Procedural Background**

The facts in this case are simple and undisputed. Debtors filed their Chapter 13 bankruptcy case on May 6, 2009. On that same date, they proposed a plan which included language purporting to discharge their student loan obligation to Direct Loan as a "hardship" (the "Student Loan Provision"). Despite receiving notice thereof, Direct Loan did not object to the plan. The Chapter 13 Trustee (the "Trustee") objected, but for unrelated reasons. The Trustee filed another objection

to the plan on June 6, 2010, again for other reasons. Before that objection could be heard, Debtors filed an amended plan that also contained the Student Loan Provision. Despite receiving notice thereof, neither Direct Loan nor the Trustee objected, and the amended plan was confirmed by Order dated July 12, 2010 (the "Confirmation Order").

On July 28, 2010, the Trustee filed her Motion, wherein she asked the Court to set aside the Confirmation Order and order Debtors to amend their plan so as to delete the Student Loan Provision.[1] More specifically, the Trustee asserted that the provision "is in direct contradiction to the Supreme Court's ruling in *United Student Aid Funds v. Espinosa*," –U.S.–,130 S.Ct. 1367, 176 L.Ed.2d. 158 (2010). Debtors objected to the Motion, arguing that the Trustee had not met the standard applicable for revoking a confirmation order pursuant to 11 U.S.C. § 1330 and that the Confirmation Order could not be declared "void" under Federal Rule of Civil Procedure 60(a)(4) per *Espinosa's* holding.

At the hearing on the Motion, counsel for the Trustee indicated that the Trustee's office had made a "mistake" in failing to object to Debtors' plan, suggesting that the sheer volume of the office's caseload led to the oversight. When asked why the provision was included in the plan in the first place, Debtors' counsel insisted that Debtors simply wanted to treat every claim within their plan and that they had originally intended to file an adversary proceeding to seek an undue hardship discharge of their student loan obligation.

---

[1] Per her Motion, the Chapter 13 Trustee also asked that Debtors be ordered to amend their plan to include the secured claim of Winding Ridge Home Owner's Association. That claim was filed on June 10, 2010, *i.e.*, before the filing of Debtors' amended plan, but after the claims bar date. The Trustee offered little in the way of explanation or argument, either in the Motion or at the hearing thereon, regarding the claim or why the confirmed plan it should amended to provide for it. The Court also notes that the claimant itself did not object to the plan. In the absence of any compelling argument, the Court denies the Trustee's request.

**Discussion and Decision**

A debtor may obtain a discharge of government-sponsored student loan obligations only if such obligations impose an "undue hardship" on the debtor and his dependents. *See* 11 U.S.C. §§ 523(a)(8) and 1328. Pursuant to Federal Rule of Bankruptcy Procedure 7001, the undue hardship determination must be made in an adversary proceeding, with service of the summons and complaint being made upon the student loan creditor as required by Federal Bankruptcy Rules 7003 and 7004.

Notwithstanding these requirements, the debtor in *Espinosa* proposed a plan which provided that, upon payment of the principal amount due under the debtor's student loan, the balance of the loan would be discharged. Despite receiving notice of the plan, the student loan creditor did not object to it, and the plan was confirmed. Upon completion of his plan payments, the debtor received a discharge pursuant to 11 U.S.C. § 1328. Several years later, the student loan creditor began collection efforts against the debtor. The debtor then reopened his bankruptcy case and asked the court to enforce its discharge order. The creditor, in turn, asked the court to declare its previous confirmation order "void" under Federal Rule of Civil Procedure 60(b)(4) (applicable in bankruptcy pursuant to Federal Bankruptcy Rule 9024). The bankruptcy court and the Court of Appeals for the Ninth Circuit ruled that the confirmation order was not void and that it could not be challenged at such a late date.

Writing for a unanimous Supreme Court, Justice Clarence Thomas affirmed. In explaining the Court's decision, he wrote:

> "A judgment is not void," for example, "simply because it is or may have been erroneous." Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. The error United alleges falls in neither category.

3

*Id.* at 1377 (citations omitted).  While the Supreme Court acknowledged that § 523(a)(8)'s requirement that a court find undue hardship to discharge a student loan debt is a precondition for discharge, it is not a limitation on the court's jurisdiction.  *Id*. at 1377-78 (citations omitted).  Similarly, the procedural requirement of an adversary proceeding is not jurisdictional. *Id.* at 1378 (citations omitted).

The Court also rejected the creditor's argument that the confirmation order was "void" because the debtor's plan did not comply with "due process":

> Espinosa's failure to serve United with a summons and complaint deprived United of a right granted by procedural rule.  *See* Fed. Rule Bkrtcy. Proc. 7004(b)(3). United could have timely objected to this deprivation and appealed from an adverse ruling on its objection.  But this deprivation did not amount to a violation of United's constitutional right to due process.  Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Id*.

Although *Espinosa* is instructive, the Court's holding is not controlling in the case at hand, as the Trustee has not asked the Court to declare the Confirmation Order "void."  Rather, the Trustee asks that the Confirmation Order be set aside–presumably pursuant to Rule 60(b)(1)–because it was issued by "mistake."

While mistake, along with excusable neglect, surprise and inadvertence are grounds upon which relief from a judgment or order may be granted under Rule 60(b)(1), the "mistake" alleged here is not of the type contemplated by the Rule.  Nor does the Trustee's failure to catch the Student Loan Provision constitute "excusable neglect."  Debtors first filed a plan with the Student Loan Provision in May of 2009.  The Trustee filed two separate objections to it.  In the Court's view, the Trustee had more than enough opportunity to "catch" the Student Loan Provision and object to it.

Accordingly, the trustee has not demonstrated a justifiable reason by which to set aside the confirmation order under Rule 60(b)(1).

Based on the foregoing, the Court denies the Trustee's motion. That said, the Court wants to make it extremely clear to Debtors and their counsel–and to the consumer bar in general–that it takes an extremely dim view of their inclusion of the Student Loan Provision. Counsel insisted that he included the provision in order to treat "every claim" in the plan. If that were true, then the plan presumably could have merely stated only that Debtors intended to file an adversary proceeding to seek discharge of their student loan obligation as an undue hardship. Arguably, Debtors could *still* simply file one now.

> While the *Espinosa* Court ultimately sided with the debtor, it did offer the following caution:
>
> We acknowledge the potential for bad-faith litigation tactics. But expanding the availability of relief under Rule 60(b)(4) is not an appropriate prophylaxis. As we stated in *Taylor v. Freeland & Krontz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), "[d]ebtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings," *id*., at 644, 112 S.Ct. 1644; *see* Fed. Rule Bkrtcy Proc. 9011. The specter of such penalties should deter bad-fath attempts to discharge student loan debt without the undue hardship finding Congress required. . . . .

*Id*. at 1382. Debtors' counsel and the consumer bar are well advised to take heed of this language and to exercise more care in how they treat student loans within Chapter 13 plans; otherwise they could, and probably should, be looking down the barrel of a Rule 9011 motion for sanctions.

Based on the foregoing, the Court denies the Trustee's Motion.

###

Distribution:

Chapter 13 Trustee
Andrew Sawin
UST